## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PENNIE PENNIGAR,**<br>*Plaintiff,*<br><br>v.<br><br>**HAROLD E. CRAIG et al.,**<br>*Defendants.* | **Civil No. 26-1556** |

### MEMORANDUM

**Costello, J.**                                                                    **May 6, 2026**

This is a diversity action that was removed from the Philadelphia Court of Common Pleas. *See generally* ECF No. 1. Plaintiff's claims arise out of a car accident that allegedly occurred in Swatara Township, Dauphin County, Pennsylvania. *Id.* Defendants filed a motion to transfer venue to the United States District Court for the Middle District of Pennsylvania. *See generally* ECF No. 2. For the reasons that follow, the Court will grant Defendants' motion.

## I.      LEGAL STANDARD

A district court may transfer the venue of any civil action for the "convenience of parties and witnesses" or "in the interest of justice" to "any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). "Thus, in analyzing a motion to transfer under Section 1404, the Court must first determine whether venue would be proper in the transferee district." *Shelton v. Freedom Forever, LLC*, No. 24-cv-4333, 2025 WL 693249, at *1 (E.D. Pa. Mar. 4, 2025) (internal quotations omitted). If so, the Court then considers "all relevant factors to determine whether on balance the litigation would more conveniently proceed and interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations omitted).

There are six "private interest" factors that courts consider in deciding motions to transfer venue: "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they would be unavailable in a particular forum; and (6) the location of evidence to the extent it cannot be produced in a particular forum." *Shelton*, 2025 WL 693249, at *2 (citing *Jumara*, 55 F.3d at 879).

Courts also consider five "public interest" factors: "(1) the enforceability of the judgment; (2) practical considerations that would make trial easy, expeditious or inexpensive; (3) the congestion of the courts' dockets; (4) the local forum's interest in deciding the case; and (5) the trial judge's familiarity with any state law." *Id.* at *4.

The moving party has the burden of establishing that transfer is appropriate. *Id.* at *1. District courts have "'broad discretion' when determining whether transfer is appropriate" under the private and public interest factors. *Id.* (quoting *Jumara*, 55 F.3d at 883).

## II.    DISCUSSION

### A.    Venue in the Middle District

This action could have been brought in the Middle District of Pennsylvania. Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" Plaintiff's claims arise out of a car accident that allegedly occurred in Swatara Township, Dauphin County, Pennsylvania. *See* ECF No. 1 at 16. Swatara Township is located entirely within the geographic bounds of the Middle District. Accordingly, venue in that District is proper. *See Shelton*, 2025 WL 693249, at *1.

**B.      The Private Interest Factors**

Plaintiff's Choice of Forum.  "Although a plaintiff's choice of venue is generally given deference, the plaintiff's choice is not dispositive and receives less weight when none of the operative facts occurred in the selected forum." *Madrazo v. Welcome Hotel Grp., LLC*, No. 18-cv-0427, 2018 WL 1942369, at \*3 (E.D. Pa. Apr. 25, 2018).  "A plaintiff's forum choice also receives 'considerably less weight' where 'the plaintiff chooses a forum which is not his home.'" *Id.* (quoting *Siegel v. Homestore, Inc.*, 255 F. Supp. 2d 451, 456 (E.D. Pa. 2003)) (further citations omitted).  Plaintiff originally filed this action in the Philadelphia County Court of Common Pleas.  *See* ECF No. 1.  But the operative facts giving rise to the claims—the alleged car accident—took place entirely in Swatara Township.  *Id.* at 16.  Plaintiff also resides in Dauphin County.  *See* ECF No. 1 at 15 (complaint listing Plaintiff's address in Harrisburg, Pennsylvania).  Plaintiff's chosen forum of Philadelphia thus has no apparent connection to Plaintiff or her claims and will therefore be accorded less weight.  *See Yelverton v. Lab'y Corp. of Am. Holdings*, No. 19-cv-6045, 2020 WL 2307353, at \*4 (E.D. Pa. May 8, 2020) ("Because none of the operative facts occurred in the Eastern District, nor does the Plaintiff reside in the Eastern District, Plaintiff's forum preference is entitled to minimal, if any, deference.").

Defendant's Preferred Forum.  This factor weighs in favor of transfer.  Defendants prefer the Middle District because that is where the alleged incident took place and the Plaintiff and relevant witnesses reside.  *See* ECF No. 3 at 6-7.  "Though the defendant's preference is usually entitled to considerably less weight than Plaintiff's," the minimal deference owed to Plaintiff's preference here "tips the scales" in Defendants' favor.  *See Shelton*, 2025 WL 693249, at \*3 (internal quotations omitted).

3

<u>Where the Claim Arose.</u>  This factor also weighs heavily in favor of transfer.  Plaintiff has not alleged any activity that occurred in Philadelphia or the Eastern District.  *See generally* ECF No. 1; *see Yelverton*, 2020 WL 2307353, at *4 (factor weighs in favor of transfer where "Plaintiff has not pled any activity whatsoever" taking place in the forum); *Hamilton v. Nochimson*, No. 09-cv-2196, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009) ("When the vast majority of the acts giving rise to plaintiff's claims took place in another forum, that weighs heavily in favor of transfer.").

<u>The Convenience of the Parties.</u>  Transfer to the Middle District will promote the convenience of the parties here.  This factor is measured by the parties' "relative physical and financial condition[.]" *Jumara*, 55 F.3d at 879.  Plaintiff resides in the Middle District where the alleged incident occurred.  ECF No. 1 at 15.  The Middle District is also closer for Defendants Harold Craig and National Fruit Product Co., Inc.  ECF No. 3 at 8.  The Court agrees with Defendants that it would be more convenient for the parties to litigate this dispute in the Middle District.  ECF No. 3 at 7.

<u>The Convenience of the Witnesses.</u>  "A court may consider the convenience of witnesses when ruling on a § 1404(a) motion, 'but only to the extent that the witnesses may actually be unavailable for trial in one of the fora.'" *Cable v. Allied Interstate, Inc.*, No. 12-cv-96, 2012 WL 1671350, at *4 (E.D. Pa. May 11, 2012) (quoting *Jumara*, 55 F.3d at 879).  Defendants have "the burden of identifying witnesses who would be unavailable at trial." *Id.* (internal quotations omitted).  Defendants did not identify witnesses who would be unavailable for trial in either District.  ECF No. 3 at 8-9.  However, Defendants noted that "the vast majority of witnesses are located in the Middle District of Pennsylvania."  ECF No. 3 at 9.  While it is not clear whether any witnesses would be unavailable, the Court agrees with Defendants that it may be more

4

practical to litigate this dispute in the Middle District.  *See* ECF No. 3 at 9.  Therefore, this factor is neutral.

The Location of Evidence.  Where the evidence needed at trial "could easily and inexpensively be transported" to another district, this factor weighs in favor of neither party. *Cable*, 2012 WL 1671350, at *4 (internal quotations omitted).  As Defendants point out, modern technology would permit any records here to be produced in both the Middle and Eastern Districts, so this factor is neutral.  ECF No. 3 at 9-10.

### C.    The Public Interest Factors

Enforceability of Judgment.  A judgment in this action would be enforceable in either District.  Thus, this factor is neutral.  *See Yelverton*, 2020 WL 2307352, at *4 (factor neutral where "there is no likelihood of an enforcement problem in either fora").

Practical Considerations.  This factor weighs in favor of transfer.  All of the facts underlying Plaintiff's claims occurred in the Middle District and most of the witnesses are likely to be located there.  *See Martin v. McHugh*, No. 14-cv-3729, 2014 WL 5801412, at *5 (E.D. Pa. Nov. 7, 2014).  As a result, trial in the Middle District would be "easier, more expeditious and less expensive."  *See id.*

Court Congestion.  The Court agrees with Defendants that there is "no concern that administrative difficulties caused by court congestion" in either the Middle or Eastern District "would impact the course of this lawsuit."  ECF No. 3 at 11.  This factor is therefore neutral.

Local Interest.  This factor favors transfer.  This action involves an alleged accident that occurred in Swatara Township within the boundaries of the Middle District and involving a resident of that District.  *See Martin*, 2014 WL 5801412, at *5 (a district has an interest in adjudicating disputes where "operative facts" occurred in that forum).

<u>Familiarity with State Law.</u>  The Court agrees with Defendants that there is no concern that judges in the Middle and Eastern Districts would have different levels of familiarity with Pennsylvania state law.  *See* ECF No. 3 at 13.  This factor is neutral.

## III.    CONCLUSION

Because this action could have been brought in the Middle District, and all of the non-neutral private and public interest factors weigh in favor of this case being litigated in the Middle District, the Court will grant Defendants' motion to transfer.  An appropriate Order will follow.

BY THE COURT:

MARY KAY COSTELLO, J.